UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

JAMES R. NEKVASIL, JR.,

          Petitioner,           Case No. 1:22-cv-617

v.                                    Honorable Janet T. Neff

UNITED STATES OF AMERICA,

          Respondent.

_____/

**OPINION**

This is a habeas corpus action brought by a federal prisoner under 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases.[1] If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

Alternatively, a preliminary review is required by 28 U.S.C. § 2243. Under that provision, a court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After

---

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

undertaking the preliminary review required by statute and rule, the Court concludes that the petition must be dismissed because the Court does not have jurisdiction over Petitioner's habeas claims.

Ordinarily, a federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255. Nonetheless, a federal prisoner may challenge the manner or execution of his sentence under 28 U.S.C. § 2241. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). A claim concerning the computation of good-conduct time is properly addressed in a § 2241 petition. *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle . . . for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). Petitioner contends that the duration of his confinement has been extended because of the improper calculation of First Step Act credits under the First Step Act of 2018. (Pet'r's Mot. for Writ, ECF No. 4, PageID.27.)

The federal habeas statute provides that the proper respondent for a § 2241 action is "the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 427 (2004). For that reason, "the general rule [is] that . . . jurisdiction lies in only one district: the district of confinement." *Id.* at 443. Fixing jurisdiction in the district of confinement will typically put the petitioner and the respondent within the territorial jurisdiction of the federal habeas court. But finding both parties within the court's territorial jurisdiction is not imperative:

> The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody. *Wales v. Whitney*, 114 U.S. 564, 574 (1885). In the classic statement:
>
> "The important fact to be observed in regard to the mode of procedure upon this writ is, that it is directed to, and served upon, not the person confined, but his jailer. It does not reach the former except through the latter. The officer or person who serves it does not unbar the prison doors, and set the prisoner free, but the court relieves him by compelling the oppressor to release his constraint. The whole force of the writ is spent upon the respondent."

> *In the Matter of Jackson*, 15 Mich. 417, 439–40 (1867), quoted with approval in *Ex parte Endo*, 323 U.S. 283, 306 (1944). *See also Ahrens v. Clark*, 335 U.S., at 196–197 (Rutledge, J., dissenting).
>
> Read literally, the language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian. So long as the custodian can be reached by service of process, the court can issue a writ "within its jurisdiction" requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction.

*Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494–95 (1973) (parallel citations omitted). It is the location of the respondent that is critical.

Petitioner is confined to his home in the Western District of Michigan. His home confinement is supervised by the Detroit Residential Reentry Management (RRM) field office. Petitioner lists that office as the institution that is confining him. (Am. Pet., ECF No. 4, PageID.17.) He specifically states that he is "currently being held in 'home confinement' in the custody of the Bureau of Prisons at RRM Detroit . . . ." (Pet'r's Mot. for Writ, ECF No. 4, PageID.27.)

The Federal Bureau of Prisons (BOP) also lists Detroit RRM as Petitioner's location. *See* https://www.bop.gov/inmateloc/ (select "Find by Name," search First "James," Last "Nekvasil," last visited Aug. 23, 2022). Other courts have looked to the BOP inmate locator to determine where a petitioner's immediate custodian is located, even when the custodian is a Residential Reentry Management office,[2] and even when the petitioner is on home or other confinement elsewhere.[3] The Court concludes that Petitioner's immediate custodian is the Detroit RRM. That office is

---

[2] *See, e.g.*, *United States v. Davis*, No. 2:07-cr-00236-KJM-2, 2020 WL 3642566, at *3 n.3 (E.D. Cal. Jul. 6, 2020); *McLean v. United States*, No. 3:20-cv-439-MOC, 2020 WL 5095585, at *4 (W.D.N.C. Aug. 28, 2020); *Cody v. Phelps*, No. 8:20-cv-3298-SAL-JDA, 2020 WL 9071682, at *2 (D.S.C., Oct. 26, 2020); *Frazier v. Bureau of Prisons*, No. 21-cv-528-bbc, 2021 WL 5168500, at *1 (W.D. Wis. Oct. 6, 2021); *Vieth v. Williams*, No. 21-cv-170-JPG, 2021 WL 5177657, at *1 n.1 (S.D. Ill. Nov. 8, 2021).

[3] *McLean*, 2020 WL 5095585 at *3; *Cody*, 2020 WL 9071682, at *2; *Frazier*, 2021 WL 5168500, at *1.

located in the territorial jurisdiction[4] of the United States District Court for the Eastern District of Michigan. That court has jurisdiction to address Petitioner's claim, this Court does not.

Section 1631 of Title 28, United States Code authorizes the Court to transfer a habeas petition to the federal district court having jurisdiction over a habeas petitioner's custodian. Accordingly, the Court will transfer the petition to the United States District Court for the Eastern District of Michigan.

### Conclusion

Having conducted the review of Petitioner's habeas claim under Rule 4 of the Rules Governing Habeas Corpus actions and 28 U.S.C. § 2243, the Court concludes it does not have jurisdiction over Petitioner's § 2241 claim. In lieu of dismissing that claim, however, under 28 U.S.C. § 1631, the Court will transfer the petition to the United States District Court for the Eastern District of Michigan.

An order consistent with this opinion will be entered.

Dated: September 9, 2022                         /s/ Janet T. Neff
                                                 Janet T. Neff
                                                 United States District Judge

---

[4] The *Rumsfeld* Court made clear that the "jurisdiction" at issue is not personal jurisdiction as potentially expanded by long-arm statutes, but was instead the territorial jurisdiction of the district court. *Rumsfeld*, 542 U.S. at 444–47. The Court cited with approval the holding of *Schlanger v. Seamans*, 401 U.S. 487 (1971), "that the custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Rumsfeld*, 542 U.S. at 445.