UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES R. NEKVASIL, JR.,

        Petitioner,

v.

        Case No.: 2:22-cv-12155
        Honorable Sean F. Cox

UNITED STATES OF AMERICA,

        Respondent.
_____/

## OPINION & ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS

Federal inmate James R. Nekvasil, Jr. ("Petitioner"), currently on home confinement after being incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that he should be released from federal custody due to time credits he allegedly earned under the First Step Act (FSA). *See* Public Law No. 115-391, 132 Stat. 5195 (enacted on Dec. 21, 2018). Am. Pet., ECF No. 2. Respondent filed a timely answer contending that the petition should be denied because Nekvasil did not exhaust administrative remedies prior to filing his petition and because his claims lack merit. For the reasons explained, the petition is denied.

**I.    Background**

In 2004, in the Western District of Michigan, Nekvasil and numerous codefendants were charged in a 61-page Third Superseding Indictment in a complex scheme to fraudulently obtain money from banks. Nekvasil pleaded guilty for conspiring to commit bank fraud (count 1), conspiring to launder money (count 2), and making false statements to a probation officer (count 17), in violation of 18 U.S.C. §§ 371, 1001(a)(1), 1344 and 1956(h). The district court sentenced

him to 324 months of imprisonment. He was also sentenced to serve 3 years on supervised release following his term of imprisonment. The United States Court of Appeals for the Sixth Circuit affirmed. *United States v. Nekvasil*, No. 05-2010 (6th Cir. Jan. 27, 2006).

On July 7, 2022, Nekvasil filed the instant petition for writ of habeas corpus in the United States District Court for the Western District of Michigan. The petition was subsequently transferred to this Court. In his petition, Nekvasil argues that the Federal Bureau of Prisons ("BOP") has "incorrectly calculated" his sentence under the First Step Act. In one part of his petition, he claims that he has earned 2,182 FSA Time Credits, which, "pursuant to the First Step Act of 2018 and the BOP's interpretation of it as outlined in the Federal Register equates to 1141 days of actual time off of his sentence[.]" ECF No. 2, PageID.10. He later claims to have earned 1,789 days of FSA Time Credits, which "equates to 894.5 days off of his home confinement." (*Id*. at PageID.31.) As relief, he asks the Court to compel the BOP to apply his earned FSA Time Credits towards his sentence. (*Id*.)

Respondent filed a timely answer contending that the petition should be denied for failure to exhaust administrative remedies and, alternatively, because the BOP properly applied Nekvasil's FSA Time Credits.

**II.    Discussion**

    **A.  Exhaustion**

It is well-settled that federal prisoners must exhaust administrative remedies before filing a habeas petition under § 2241. *United States v. Wilson*, 503 U.S. 329, 334-336 (1992); *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). If "a prisoner believes that his sentence is improperly computed because he has been unfairly denied credit toward the sentence imposed, he must pursue administrative

review of that computation with the BOP prior to seeking habeas relief under § 2241." *Hedges v. United States Marshals Serv.*, No. 22-294, 2022 WL 17177630, at *2 (E.D. Ky. Nov. 23, 2022).

The Bureau of Prisons has a multi-tiered administrative remedy program. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a), 542.18. If the prisoner is not satisfied with the warden's response, the prisoner can file a BP-10 Form to appeal to the Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18. If the prisoner is not satisfied with the Regional Director's response, the prisoner can file a BP-11 Form to appeal to the General Counsel at the Central Office, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18.

Petitioner has not attempted to exhaust this administrative remedy process. Moreover, Petitioner's placement on home confinement does not excuse the exhaustion requirement. 28 C.F.R. § 542.10 states that the administrative remedy program "applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility, and to former inmates for issues that arose during their confinement." Because Petitioner's home confinement was being supervised by the Detroit Residential Reentry Management field office at the time he filed this petition, he falls under the second category—as an inmate designated to a contract Community Corrections Center under the Bureau of Prisons' responsibility. Further, Petitioner's placement on supervised release does not change this analysis because the exhaustion requirement also extends to former inmates.

Therefore, the fact that Petitioner is no longer incarcerated does not relieve him of the requirement to exhaust his administrative remedies because the administrative remedy program

3

applies to former prisoners like Petitioner for issues which arose during their confinement. *Covell v. Scibana*, 21 F. App'x 291, 293 (6th Cir. 2001) (citing 28 C.F.R. § 542.10). The Court agrees that Petitioner has failed to properly exhaust. Nevertheless, the Court will proceed to the merits of the habeas petition.

### B. Merits

Petitioner alleges that the BOP is violating the FSA by refusing to apply all of his FSA Time Credits to reduce his prison sentence. Section 3624(g) permits the BOP to release eligible prisoners to either home confinement or a residential reentry center when their accrued time credits equal the remainder of their term of imprisonment. 18 U.S.C. § 3624(g)(1). But prisoners who have been sentenced to a term of supervised release following their prison sentence are subject to an additional limitation:

> Supervised release.—If the sentencing court included as a part of the prisoner's sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632.

18 U.S.C.§ 3624(g)(3) (emphasis added).

Under this provision, a prisoner sentenced to a term of supervised release may apply only 12 months of time-credits—whether FSA Time Credits or otherwise—toward early release. The record before the Court shows that Petitioner was sentenced to a 3-year term of supervised release to follow his term of imprisonment. Petitioner has been housed in home confinement since September 22, 2020. With the application of his FSA Time Credits, Petitioner has a current projected release date of October 30, 2025. ECF No. 10-2, PageID.47. His full-term release date is June 13, 2030. The BOP has already applied the statutory maximum of 365 days of Petitioner's FSA Time Credits to reduce his prison term. *Id*. at

4

PageID.48. While Petitioner may have earned over 365 days of FSA Time Credits while in prison, his additional FSA Time Credits would not be applied to reduce his prison term under § 3624(g)(3) but would be applied toward home confinement or halfway house placement if Petitioner had not been placed in home confinement in 2020.

The BOP has properly applied Nekvasil's FSA Time Credits to his sentence, therefore, he is not entitled to the relief he seeks in the petition.

### III.	Conclusion

Because the BOP correctly calculated and applied Petitioner's FSA Earned Time Credits, his petition is denied and dismissed with prejudice. A certificate of appealability is not needed to appeal the dismissal of habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

This case is closed.

**IT IS SO ORDERED**.

s/Sean F. Cox
SEAN F. COX
UNITED STATES DISTRICT JUDGE

Dated: January 8, 2025